COPY

FILED

1    Lawrence C. Ecoff, Esq. (SBN 143814)
     Philip H.R. Nevinny, Esq. (SBN 150506)
2    ECOFF, BLUT & SALOMONS, LLP
     280 South Beverly Drive, Suite 504
3    Beverly Hills, CA 90212
     Telephone: (310) 887-1850
4    Facsimile: (310) 887-1855
     ecoff@ecofflaw.com
5
     Attorneys for Plaintiff
6    INTER-AVID PRODUCTIONS

7

8                  **UNITED STATES DISTRICT COURT**

9              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10                 **CV11    05119    GHK    VBKx**

11   INTER-AVID PRODUCTIONS, a        )   Case No.
     California Corporation,          )
12                                    )   **COMPLAINT FOR:**
                    Plaintiff,        )
13                                    )   1.  **COPYRIGHT INFRINGEMENT**
            vs.                       )       **(Public Performance) (17 U.S.C.**
14                                    )       **§§ 501 *et seq*.);**
                                      )   2.  **COPYRIGHT INFRINGEMENT**
15   VENTURA CONTENT, AVV, an Aruban  )       **(Public Display) (17 U.S.C. §§ 501**
     Corporation, and doing business as Pink )   ***et seq*.);**
16   Visual; CYBERHEAT, INC., an Arizona )   3.  **COPYRIGHT INFRINGEMENT**
     Corporation, and doing business as Pink )       **(Distribution) (17 U.S.C. §§ 501 *et***
17   Visual; and DOES 1 through 20, Inclusive, )   ***seq*.);**
                                      )   4.  **COPYRIGHT INFRINGEMENT**
18                  Defendants.       )       **(Inducement) (17 U.S.C. §§ 501 *et***
                                      )       ***seq*.);**
19                                    )   5.  **COPYRIGHT INFRINGEMENT**
                                      )       **(Contributory) (17 U.S.C. §§ 501 *et***
20   _____)       ***seq*.);**
                                          6.  **COPYRIGHT INFRINGEMENT**
21                                            **(Vicarious) (17 U.S.C. §§ 501 *et***
                                              ***seq*.);**
22

23                                        **DEMAND FOR JURY TRIAL**

24

25       Plaintiff INTER-AVID PRODUCTIONS, a California Corporation, alleges and

     avers as follows:
26
                                **PARTIES**
27
         1.      Plaintiff INTER-AVID PRODUCTIONS (sometimes referred to hereinafter
28
     as "Inter-Avid" or "Plaintiff"), is a California corporation, with its principal place of

                                      1

                             **- COMPLAINT -**

1   business in Los Angeles, California.

2       2.      Plaintiff is informed and believes, and on that basis alleges, that Defendant

3   VENTURA CONTENT AVV (referred to hereinafter as "Ventura") is an Aruban

4   Corporation, and distributor of adult oriented content.  Plaintiff is informed and believes,

5   and thereon alleges, that Ventura does business as Pink Visual.

6       3.      Plaintiff is informed and believes, and on that basis alleges, that Defendant

7   CYBERHEAT, INC. (referred to hereinafter as "Cyberheat") is an Arizona Corporation,

8   with its principal place of business in Tucson, Arizona.  Plaintiff is informed and believes

9   that Ventura is the successor-in-interest to Cyberheat.  Plaintiff is informed and believes,

10  and thereon alleges, that Cyberheat also does business as Pink Visual. Ventura and

11  Cyberheat are sometimes referred to hereinafter as "Defendants."

12      4.      The true names and capacities of the Defendant's sued herein as Does 1

13  through 20, inclusive, are unknown to Plaintiff and Plaintiff therefore sues these

14  Defendants by fictitious names.  Plaintiff will seek leave of court to amend this Complaint

15  to state their true names and capacities when they are ascertained.  Plaintiff is informed

16  and believes, and on that basis alleges, that each of these fictitiously named Defendants is

17  in some way responsible for the acts and omissions alleged herein and as a result thereof

18  contributed to Plaintiff's damages.

19      5.      Each of the Defendants is, and at all relevant times herein mentioned was, an

20  agent, employee, joint-venturer, shareholder, director, officer and/or partner of each of the

21  other Defendants, and in doing the things herein described was acting within the scope of

22  its authority as agent, employee, joint-venturer, shareholder, officer, director and/or

23  partner.

24      6.      Plaintiff is informed and believes, and on that basis alleges, that each of the

25  named Defendants and each fictitiously named Defendant participated in and is in some

26  manner responsible for the acts described in this Complaint and the damage resulting

27  therefrom.

28      7.      Plaintiff is informed and believes, and on that basis alleges, that each of the

2

1   named Defendants and each fictitiously named Defendant has acted in concert and

2   participation with each other concerning each of the claims in this Complaint.

3        8.    Defendants' concerted actions and participation concerning these claims

4   constitute a conspiracy to unfairly compete with Plaintiff by committing copyright

5   infringement and to violate Plaintiff's rights as alleged herein.

6        9.    Plaintiff is informed and believes, and on that basis alleges, that all of the

7   acts alleged to have been done by each of the named Defendants and the fictitiously named

8   Defendants, and each of them, were authorized, approved, and/or ratified by each of the

9   other Defendants.

10                        **JURISDICTION AND VENUE**

11        10.    This Court has subject matter jurisdiction over the claims in this action

12   which arise under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*

13        11.    This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121, 28

14   U.S.C. §§ 1331 and 1338 (a) and (b), and this Court's supplementary jurisdiction under 28

15   U.S.C. § 1367. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 and 1400(a)

16   because the Defendants or one or more of Defendants' agents reside or may be found in the

17   district.

18        12.    This Court has personal jurisdiction over the Defendants. Upon information

19   and belief, Defendants do continuous and systematic business in California, and therefore

20   are present in this State. Defendants have availed themselves of the Courts of California.

21   Furthermore, Defendants transact business in California and contract to supply goods and

22   services in the State in connection with the matters giving rise to this action. Plaintiff is

23   informed and believes that the primary computer servers that host the Defendants'

24   websites and which provide infringing content to users are physically located in New

25   Mexico; Plaintiff is further informed and believes that Defendants utilize secondary

26   servers in the Netherlands Antilles. Defendants' New Mexico and foreign based servers

27   are responsible for distributing infringing copies of Inter-Avid's copyrighted content to

28   users all over the world, including in California. Upon information and belief, Defendants

1 enable California residents to use services that Defendants own and operate to: (a) access

2 digital files containing Inter-Avid's copyrighted content; and (b) view and download

3 infringing copies of Inter-Avid's works.  The multitudinous acts of direct infringement, for

4 which Defendants are liable, require intensive interaction between the users' computers

5 and Defendants' websites.  Defendants are responsible for the acts of infringement that,

6 upon information and belief, have occurred in California, where California residents have

7 accessed Defendants' websites to view and download infringing copies of Inter-Avid's

8 works.  In addition, upon information and belief, Defendants have engaged in paid

9 transactions with California residents for the provision of goods and services, including

10 infringing materials.  Defendants expect or reasonably should expect their infringing and

11 other illegal conduct to have consequences in California, and they derive substantial

12 revenue from interstate commerce.

### NATURE OF THE ACTION

14  13. Plaintiff is a producer of adult entertainment.  In connection therewith,

15 Plaintiff has created numerous original works and images, which have been published

16 nationally and internationally, in print, film, videos, DVDs, and online.

17  14. Plaintiff owns the copyrights to its images and original works, and has

18 applied for, and obtained, registrations for its artistic works.  Plaintiff owns each of the

19 copyrights at issue in this litigation.

20  15. Plaintiff holds valid Certificates of Copyright Registration from the Register

21 of Copyrights for a number of its adult videos, including but not limited to those listed on

22 Exhibits "A" and "B" to this Complaint (sometimes hereinafter the "Copyrighted Works").

23 The number of copyrighted works at issue in this litigation, upon which Defendants are

24 infringing, is approximately one thousand three hundred (1,300).  Plaintiff has applied for

25 copyright registrations for three hundred twenty (320) of those works, and has received

26 registrations for approximately two hundred thirty-three (233) of those works to date,

27 which are set forth on Exhibit "A."  The additional eighty-seven (87) works for which

28 Plaintiff has applied for copyright registrations, but has not yet received registrations, are

1  set forth in Exhibit "B" hereto.  The three hundred twenty (320) Copyrighted Works set

2  forth at Exhibits "A" and "B" in fact comprise only a representative portion of those

3  original works upon which Defendants are infringing, as alleged herein below.

4      16.    From and after October 6, 2010, Defendants have refused, and continue to

5  refuse, to remove from their websites the infringing copies of Plaintiff's original materials

6  and works, and continue to exploit and profit from Plaintiff's original copyrighted works

7  on an ongoing basis.

8      17.    Under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

9  (the "Copyright Act"),  Plaintiff has the distinct, severable, and exclusive rights to, *inter*

10  *alia,* reproduce, distribute, publicly perform, and publicly display its copyrighted works, as

11  well as the exclusive right to authorize any of the foregoing activities.  17 U.S.C.

12  §§ 106(1), (4), (5).  Defendants, however, have wrongfully and intentionally appropriated

13  and exploited Plaintiff's copyrighted works.

14      18.    As alleged herein above, Plaintiff is informed and believes, and thereon

15  alleges, that Defendants own and conduct business under the name Pink Visual, and the

16  website pinkvisual.com.  Defendants market, sell and distribute Plaintiff's Copyrighted

17  Works, including streaming video and DVDS, though the Pink Visual brand, the

18  pinkvisual.com website, and the pinkvisualpass.com website.  Defendants further market,

19  sell and distribute Plaintiff's Copyrighted Works to other websites through a

20  pluginfeeds.com link accessed through the pinkvisualpass.com website.

21      19.    Plaintiff is informed and believes that visitors to Defendants' websites,

22  where Plaintiff's copyrighted works are available for download and viewing by

23  consumers, can and do view Plaintiff's copyrighted works for a fee, paid to Defendants

24  over the internet.  Consumers either can subscribe, for a periodic charge, to one of the

25  websites where Plaintiff's copyrighted Content is displayed, and view the infringing

26  material, or can pay for single downloads of Plaintiff's copyrighted works.  Defendants

27  also sell and distribute DVDs of Plaintiff's copyrighted works.  Defendants further display

28  prominently throughout their numerous websites still photographs, video samples and the

1   titles of Plaintiff's many copyrighted works.  Users in turn can select Plaintiff's Content to

2   view by clicking on a thumbnail displayed on Defendants' websites.  Defendants then

3   publicly perform the chosen video by sending the streaming video content from their

4   servers to the user's computer.  Plaintiff is informed and believes that Defendants create

5   the copies of the infringing video files that are hosted on their servers and transmit

6   multiple copies of those same video files to multiple different users.  Plaintiff is further

7   informed and believes that the public performance of the videos also results in copies of

8   the videos being made and distributed to the users' computers.   Defendants therefore

9   commit the infringing public performance, public display, and distribution of Inter-Avid's

10  copyrighted works, and that infringement occurs on the websites owned, operated and

11  controlled by Defendants, as well as by the sale and distribution of Defendants' DVDs.

12       20.    Plaintiff has not provided to Defendants authorization, permission, or

13  consent to use the registered copyrighted works owned by Inter-Avid that have appeared

14  on Defendants' websites (including but not limited to the Copyright Registrations set forth

15  in Exhibit "A," and the Copyright Applications set forth in Exhibit "B").  To the contrary,

16  in violation of Inter-Avid's copyrights, Defendants have willfully, intentionally and

17  purposefully reproduced, publicly performed and publicly displayed the copyrighted

18  works, and knowingly facilitated, enabled, induced, and materially contributed to

19  infringing uses thereof, and have refused to exercise their ability to control, prevent or

20  cease infringing uses thereof, all from which they obtain direct financial benefits.

21       21.    Defendants have actual knowledge and clear notice of their massive

22  copyright infringement.

23       22.    Plaintiff is informed and believes that Defendants derive substantial profits

24  from their infringement of Inter-Avid's copyrighted works, and receive financial benefits

25  directly attributable to their infringing activities.  On information and belief, Defendants

26  draw millions of users to their websites, which display and offer for sale Plaintiff's

27  copyrighted works.  Defendants also profit from advertising offered on their websites

28  which include Plaintiff's copyrighted materials, as well as through the sale of DVDs

1  containing or comprising Plaintiff's copyrighted materials.  Defendants further sell paid

2  subscriptions to users who are drawn to their websites, where Plaintiff's copyrighted

3  works are displayed.  There is a direct causal connection between Defendants' advertising

4  revenues and subscription income, on the one hand, and the presence of Plaintiff's

5  copyrighted works, on the other hand.  Therefore, the draw of infringing works, consisting

6  of Plaintiff's copyrighted works, contributes substantially and directly to the profitability

7  of Defendants' websites.  Plaintiff is further informed and believes that, in addition to

8  generating revenue through advertising and subscription sources, Defendants' websites

9  also act as conduits to direct website traffic to other profit-making businesses owned by

10  Defendants, which generate further revenues for Defendants.

11      23.    The aforementioned Copyright Registrations and Applications were

12  comprised of material wholly original to the author, and the work consists of copyrightable

13  subject matter under the laws of the United States.  In securing the aforementioned

14  Copyright Registrations, Plaintiff complied in all respects with the Copyright Act of the

15  United States, 17 U.S.C. § 101 *et seq.*, and all other laws governing copyright registration

16  in the aforementioned work.  Since the original registration and application dates of the

17  aforementioned copyrights, any publication of such works by the Plaintiff, and all copies

18  of the aforementioned work made by the Plaintiff, were under the Plaintiff's authority or

19  license and have been created, published and displayed in conformity with the provisions

20  of the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*, and all other laws

21  governing copyrights.

22                        **FIRST CLAIM FOR RELIEF**

23       **(COPYRIGHT INFRINGEMENT - Public Performance - Against All Defendants)**

24                          **[17 U.S.C. §§ 106, 501]**

25      24.    Plaintiff repeats and adopts paragraphs 1 through 23, inclusive, of this

26  Complaint as though fully set forth herein.

27      25.    The Copyrighted Works contain material wholly original with Plaintiff and

28  are copyrightable subject matter under the laws of the United States.

7

**- COMPLAINT -**

26.   Plaintiff has applied for registration and has registered the Copyrighted Works with the United States Copyright Office, Exhibits "A" and "B" hereto.

27.   Since the date of creation, Plaintiff has been and remains the sole proprietor of all rights, title, and interest in and to the Copyrighted Works.

28.   Defendants are publicly performing, and have publicly performed or have authorized the public performance, without authorization, of Inter-Avid's Copyrighted Works (Exhibits "A" and "B" hereto), by means of digital video transmission and sale and distribution of DVDs, in violation of 17 U.S.C. §§ 106(6) and 501.

29.   The infringement of Inter-Avid's rights in the public performance of each of its copyrighted video works constitutes a separate and distinct act of infringement.

30.   The aforementioned actions of the Defendants in infringing the copyrights owned by Plaintiff have been deliberate, willful, intentional and purposeful, with full knowledge of Plaintiff's interest in such original works of art, in disregard of and indifference to Inter-Avid's rights.

31.   As a direct and proximate result of Defendants' infringement of Inter-Avid's copyrights and exclusive rights under copyright, inter-Avid is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000.00 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).  In the alternative, Plaintiff is entitled to its actual damages, pursuant to 17 U.S.C. § 504(b), including Defendants' profits from infringement, in an amount according to proof at trial.

32.   Plaintiff is further entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

33.   Plaintiff has no adequate remedy at law.  The conduct of Defendants has caused and, if not enjoined, will continue to cause great and irreparable injury to the rights of Plaintiff in its Federal Copyrights, which cannot be fully compensated or measured in money damages.  Pursuant to 17 U.S.C. § 502, Inter-Avid is entitled to an injunction prohibiting infringement of Inter-Avid's copyrights and exclusive rights under copyright.

## SECOND CLAIM FOR RELIEF

### (COPYRIGHT INFRINGEMENT - Public Display - Against All Defendants)

### [17 U.S.C. §§ 106, 501]

34.   Plaintiff repeats and adopts paragraphs 1 through 33, inclusive, of this Complaint as though fully set forth herein.

35.   The Copyrighted Works contain material wholly original with Plaintiff and are copyrightable subject matter under the laws of the United States.

36.   Plaintiff has applied for registration and has registered the Copyrighted Works with the United States Copyright Office, Exhibits "A" and "B" hereto.

37.   Since the date of creation, Plaintiff has been and remains the sole proprietor of all rights, title, and interest in and to the Copyrighted Works.

38.   Defendants are publicly displaying, and have publicly displayed or have authorized the public display, without authorization, of Inter-Avid's Copyrighted Works (Exhibits "A" and "B" hereto), by means of digital video transmission and sale and distribution of DVDs, in violation of 17 U.S.C. §§ 106(5) and 501.

39.   The infringement of Inter-Avid's rights in the public display of each of its copyrighted video works constitutes a separate and distinct act of infringement.  Each time Defendants display an unauthorized copy of an image from Inter-Avid's copyrighted video content, Defendants publicly display Inter-Avid's works in violation of Inter-Avid's exclusive right under 17 U.S.C. § 106(5).

40.   The aforementioned actions of the Defendants in infringing the copyrights owned by Plaintiff have been deliberate, willful, intentional and purposeful, with full knowledge of Plaintiff's interest in such original works of art, in disregard of and indifference to Inter-Avid's rights.

41.   As a direct and proximate result of Defendants' infringement of Inter-Avid's copyrights and exclusive rights under copyright, inter-Avid is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000.00 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C.

1  § 504(c).  In the alternative, Plaintiff is entitled to its actual damages, pursuant to 17

2  U.S.C. § 504(b), including Defendants' profits from infringement, in an amount according

3  to proof at trial.

4      42.    Plaintiff is further entitled to its costs, including reasonable attorneys' fees,

5  pursuant to 17 U.S.C. § 505.

6      43.    Plaintiff has no adequate remedy at law.  The conduct of Defendants has

7  caused and, if not enjoined, will continue to cause great and irreparable injury to the rights

8  of Plaintiff in its Federal Copyrights, which cannot be fully compensated or measured in

9  money damages.  Pursuant to 17 U.S.C. § 502, Inter-Avid is entitled to an injunction

10 prohibiting infringement of Inter-Avid's copyrights and exclusive rights under copyright.

11                          **THIRD CLAIM FOR RELIEF**

12  **(COPYRIGHT INFRINGEMENT - Distribution Rights - Against All Defendants)**

13                          **[17 U.S.C. §§ 106, 501]**

14     44.    Plaintiff repeats and adopts paragraphs 1 through 43, inclusive, of this

15 Complaint as though fully set forth herein.

16     45.    The Copyrighted Works contain material wholly original with Plaintiff and

17 are copyrightable subject matter under the laws of the United States.

18     46.    Plaintiff has applied for registration and has registered the Copyrighted

19 Works with the United States Copyright Office, Exhibits "A" and "B" hereto.

20     47.    Since the date of creation, Plaintiff has been and remains the sole proprietor

21 of all rights, title, and interest in and to the Copyrighted Works.

22     48.    Defendants are distributing, and have distributed or have authorized the

23 distribution to the public, without authorization, Inter-Avid's Copyrighted Works (Exhibits

24 "A" and "B" hereto), by means of digital video transmission and sale and distribution of

25 DVDs, in violation of 17 U.S.C. §§ 106(3) and 501.

26     49.    The infringement of Inter-Avid's rights to distribute each of its copyrighted

27 video works constitutes a separate and distinct act of infringement.  Each time Defendants

28 distribute an unauthorized copy of an image of Inter-Avid's copyrighted video content

10

- COMPLAINT -

1 | from Defendants' servers to another computer, cellular phone or other device, or by sale

2 | and distribution of DVDs, Defendants distribute that copy of Inter-Avid's works in

3 | violation of Inter-Avid's exclusive rights under 17 U.S.C. § 106(3).

4 |      50.    The aforementioned actions of the Defendants in infringing the copyrights

5 | owned by Plaintiff have been deliberate, willful, intentional and purposeful, with full

6 | knowledge of Plaintiff's interest in such original works of art, in disregard of and

7 | indifference to Inter-Avid's rights.

8 |      51.    As a direct and proximate result of Defendants' infringement of Inter-Avid's

9 | copyrights and exclusive rights under copyright, inter-Avid is entitled to maximum

10 | statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000.00 with

11 | respect to each work infringed, or such other amounts as may be proper under 17 U.S.C.

12 | § 504(c). In the alternative, Plaintiff is entitled to its actual damages, pursuant to 17

13 | U.S.C. § 504(b), including Defendants' profits from infringement, in an amount according

14 | to proof at trial.

15 |      52.    Plaintiff is further entitled to its costs, including reasonable attorneys' fees,

16 | pursuant to 17 U.S.C. § 505.

17 |      53.    Plaintiff has no adequate remedy at law. The conduct of Defendants has

18 | caused and, if not enjoined, will continue to cause great and irreparable injury to the rights

19 | of Plaintiff in its Federal Copyrights, which cannot be fully compensated or measured in

20 | money damages. Pursuant to 17 U.S.C. § 502, Inter-Avid is entitled to an injunction

21 | prohibiting infringement of Inter-Avid's copyrights and exclusive rights under copyright.

22 | **FOURTH CLAIM FOR RELIEF**

23 | **(COPYRIGHT INFRINGEMENT - Inducement - Against All Defendants)**

24 | **[17 U.S.C. §§ 106, 501]**

25 |      54.    Plaintiff repeats and adopts paragraphs 1 through 53, inclusive, of this

26 | Complaint as though fully set forth herein.

27 |      55.    The Copyrighted Works contain material wholly original with Plaintiff and

28 | are copyrightable subject matter under the laws of the United States.

56.  Plaintiff has applied for registration and has registered the Copyrighted Works with the United States Copyright Office, Exhibits "A" and "B" hereto.

57.  Since the date of creation, Plaintiff has been and remains the sole proprietor of all rights, title, and interest in and to the Copyrighted Works.

58.  Users of Defendants' websites, and purchasers of Defendants' DVDs, have infringed and are infringing Inter-Avid's rights in its registered copyrighted works by, *inter alia,* downloading, purchasing and viewing infringing copies of Inter-Avid's copyrighted works from Defendants' websites and DVDs, and publicly performing or displaying, or purporting to authorize the public performance or display of such infringing videos.  Defendants' website users and customers who purchase DVDs are therefore directly infringing Inter-Avid's exclusive rights of reproduction, distribution, public performance, and public display under 17 U.S.C. §§ 106.

59.  Defendants are liable under the Copyright Act for inducing the infringing acts of Defendants' users.  Defendants operate and maintain their sites, and sell and distribute DVDs, with the object of promoting their use to infringe Inter-Avid's copyrighted works.  Defendants' inducement of copyright infringement is apparent from, among other things: the openly infringing content available on their sites; Defendants' public listing, categorization and advertising of infringing works; Defendants' express invitations to view and download the most sought after video content; Defendants' failure to prevent copyright infringement on their sites; and, Defendants' sale and distribution of DVDs of Plaintiff's Copyrighted Works.  Defendants unlawfully induce the direct infringement of Inter-Avid's copyrighted works, including those listed on Exhibits "A" and "B" hereto, in violation of Inter-Avid's exclusive rights under the copyright laws of the United States, 17 U.S.C. § 106.

60.  The aforementioned actions of the Defendants in infringing the copyrights owned by Plaintiff have been deliberate, willful, intentional and purposeful, with full knowledge of Plaintiff's interest in such original works of art, in disregard of and indifference to Inter-Avid's rights.

12

- COMPLAINT -

61.     As a direct and proximate result of Defendants' infringement of Inter-Avid's copyrights and exclusive rights under copyright, inter-Avid is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000.00 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). In the alternative, Plaintiff is entitled to its actual damages, pursuant to 17 U.S.C. § 504(b), including Defendants' profits from infringement, in an amount according to proof at trial.

62.     Plaintiff is further entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

63.     Plaintiff has no adequate remedy at law.  The conduct of Defendants has caused and, if not enjoined, will continue to cause great and irreparable injury to the rights of Plaintiff in its Federal Copyrights, which cannot be fully compensated or measured in money damages.  Pursuant to 17 U.S.C. § 502, Inter-Avid is entitled to an injunction prohibiting infringement of Inter-Avid's copyrights and exclusive rights under copyright.

### FIFTH CLAIM FOR RELIEF

**(COPYRIGHT INFRINGEMENT - Contributory - Against All Defendants)**

**[17 U.S.C. §§ 106, 501]**

64.     Plaintiff repeats and adopts paragraphs 1 through 63, inclusive, of this Complaint as though fully set forth herein.

65.     The Copyrighted Works contain material wholly original with Plaintiff and are copyrightable subject matter under the laws of the United States.

66.     Plaintiff has applied for registration and has registered the Copyrighted Works with the United States Copyright Office, Exhibits "A" and "B" hereto.

67.     Since the date of creation, Plaintiff has been and remains the sole proprietor of all rights, title, and interest in and to the Copyrighted Works.

68.     Users of Defendants' websites, and purchasers of Defendants' DVDs, have infringed and are infringing Inter-Avid's rights in its registered copyrighted works by, *inter alia,* downloading, purchasing and viewing infringing copies of Inter-Avid's

1  copyrighted works from Defendants' websites and DVDs, and publicly performing or

2  displaying, or purporting to authorize the public performance or display of such infringing

3  videos. Defendants' website users and customers who purchase DVDS are therefore

4  directly infringing Inter-Avid's exclusive rights of reproduction, distribution, public

5  performance, and public display under 17 U.S.C. §§ 106.

6       69.    Defendants are liable under the Copyright Act as contributory copyright

7  infringers. Defendants have actual knowledge of the infringing activity that occurs on and

8  through their websites, and through the sale and distribution of their DVDs.  Through the

9  creation, maintenance, and operation of the sites and facilities for this infringement,

10 Defendants knowingly cause and/or otherwise materially contribute to the unlawful

11 reproduction, distribution, and public performance and display of Inter-Avid's copyrighted

12 works, including those listed in Exhibits "A" and "B" hereto, in violation of Inter-Avid's

13 exclusive rights under the copyright laws of the United States.

14      70.    The aforementioned actions of the Defendants in infringing the copyrights

15 owned by Plaintiff have been deliberate, willful, intentional and purposeful, with full

16 knowledge of Plaintiff's interest in such original works of art, in disregard of and

17 indifference to Inter-Avid's rights.

18      71.    As a direct and proximate result of Defendants' infringement of Inter-Avid's

19 copyrights and exclusive rights under copyright, inter-Avid is entitled to maximum

20 statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000.00 with

21 respect to each work infringed, or such other amounts as may be proper under 17 U.S.C.

22 § 504(c).  In the alternative, Plaintiff is entitled to its actual damages, pursuant to 17

23 U.S.C. § 504(b), including Defendants' profits from infringement, in an amount according

24 to proof at trial.

25      72.    Plaintiff is further entitled to its costs, including reasonable attorneys' fees,

26 pursuant to 17 U.S.C. § 505.

27      73.    Plaintiff has no adequate remedy at law. The conduct of Defendants has

28 caused and, if not enjoined, will continue to cause great and irreparable injury to the rights

1   of Plaintiff in its Federal Copyrights, which cannot be fully compensated or measured in

2   money damages. Pursuant to 17 U.S.C. § 502, Inter-Avid is entitled to an injunction

3   prohibiting infringement of Inter-Avid's copyrights and exclusive rights under copyright.

### SIXTH CLAIM FOR RELIEF

**(COPYRIGHT INFRINGEMENT – Vicarious – Against All Defendants)**

**[17 U.S.C. §§ 106, 501]**

7   74.   Plaintiff repeats and adopts paragraphs 1 through 73, inclusive, of this

8   Complaint as though fully set forth herein.

9   75.   The Copyrighted Works contain material wholly original with Plaintiff and

10   are copyrightable subject matter under the laws of the United States.

11   76.   Plaintiff has applied for registration and has registered the Copyrighted

12   Works with the United States Copyright Office, Exhibits "A" and "B" hereto.

13   77.   Since the date of creation, Plaintiff has been and still is the sole proprietor of

14   all rights, title, and interest in and to the Copyrighted Works.

15   78.   Users of Defendants' websites, and purchasers of Defendants' DVDs, have

16   infringed and are infringing Inter-Avid's rights in its registered copyrighted works by,

17   *inter alia,* downloading, purchasing and viewing infringing copies of Inter-Avid's

18   copyrighted works from Defendants' websites and DVDs, and publicly performing or

19   displaying, or purporting to authorize the public performance or display of such infringing

20   videos. Defendants' website users and purchasers of DVDs are therefore directly

21   infringing Inter-Avid's exclusive rights of reproduction, distribution, public performance,

22   and public display under 17 U.S.C. §§ 106.

23   79.   Defendants are vicariously liable under the Copyright Act for such

24   infringing acts. Defendants have the right and ability to supervise and control the

25   infringing activities that occur through the use of their websites, and at all relevant times

26   hereto have derived a direct financial benefit attributable to the infringement through those

27   sites. Defendants are therefore vicariously liable for the unlawful reproduction,

28   distribution, and public performance and display of Inter-Avid's copyrighted works,

1   including those listed in Exhibits "A" and "B" hereto, in violation of Inter-Avid's

2   exclusive rights under the copyright laws of the United States.

3       80.    The aforementioned actions of the Defendants in infringing the copyrights

4   owned by Plaintiff have been deliberate, willful, intentional and purposeful, with full

5   knowledge of Plaintiff's interest in such original works of art, in disregard of and

6   indifference to Inter-Avid's rights.

7       81.    As a direct and proximate result of Defendants' infringement of Inter-Avid's

8   copyrights and exclusive rights under copyright, Inter-Avid is entitled to maximum

9   statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000.00 with

10  respect to each work infringed, or such other amounts as may be proper under 17 U.S.C.

11  § 504(c).  In the alternative, Plaintiff is entitled to its actual damages, pursuant to 17

12  U.S.C. § 504(b), including Defendants' profits from infringement, in an amount according

13  to proof at trial.

14      82.    Plaintiff is further entitled to its costs, including reasonable attorneys' fees,

15  pursuant to 17 U.S.C. § 505.

16      83.    Plaintiff has no adequate remedy at law.  The conduct of Defendants has

17  caused and, if not enjoined, will continue to cause great and irreparable injury to the rights

18  of Plaintiff in its Federal Copyrights, which cannot be fully compensated or measured in

19  money damages.  Pursuant to 17 U.S.C. § 502, Inter-Avid is entitled to an injunction

20  prohibiting infringement of Inter-Avid's copyrights and exclusive rights under copyright.

21

22      **WHEREFORE**, Plaintiff prays for judgment against Defendants, as follows:

23      **AS TO THE FIRST THROUGH SIXTH CLAIMS FOR RELIEF**

24      **(Copyright Infringement - Against All Defendants)**

25      1.    That Defendants Ventura Content AVV, Cyberheat, Inc., their agents,

26            servants, employees, representatives, successors, and assigns, and all

27            persons, firms, or corporations in active concert or participation with any of

28            said Defendants, be permanently enjoined from:

16

**- COMPLAINT -**

1      (a)     directly or indirectly infringing the above-described Copyrighted

2              Works of Plaintiff in any manner, including generally, but not limited

3              to publicly performing, displaying, distributing, inducing,

4              contributing to, and/or vicariously using copies, advertisements or

5              promotions which infringe said Copyrighted Works, and specifically

6              performing, displaying, distributing and/or using videos, DVDs,

7              photographs or any unauthorized use which copy or bear a substantial

8              similarity to any of Plaintiff's Copyrighted Works.

9    2.   That Defendants be required to pay statutory damages pursuant to 17 U.S.C.

10        § 504(c).  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C.

11        § 504(b), that Defendants be required to pay actual damages, plus

12        Defendants' profits, in an amount according to proof at trial.

13   3.   For Plaintiff's costs, including without limitation Plaintiff's reasonable

14        attorney's fees incurred herein, pursuant to 17 U.S.C. § 505.

15   4.   That Defendants account for and pay over to Plaintiff in accordance with 17

16        U.S.C. §§ 501 *et seq.* and California law, all damages sustained by Plaintiff

17        and profits realized by Defendants by reason of Defendants' unlawful acts

18        herein.

19   5.   That the Court determine and adjudge that Defendants must account for the

20        number of units of products sold to determine the damages owing to

21        Plaintiff.

22   6.   That Defendants be required to deliver up to Plaintiff for destruction any and

23        all media, advertisements, packaging, promotional materials of any kind that

24        infringe Plaintiff's copyrights.

25   7.   That Defendants, within thirty (30) days after notice of entry of Judgment

26        herein, be required to file with the Court and to serve upon Plaintiff a written

27        report, under oath, setting forth in detail the manner in which Defendants

28        have complied with Paragraphs 1, 4 and 6 above.

17

8.    For pre-judgment and post-judgment interest according to law.

9.    For such other and further relief as this Court may deem just and proper.

### AS TO ALL CLAIMS FOR RELIEF

1.    For costs of suit herein; and

2.    For such other and further relief as this Court may deem just and proper.

Dated: June 17, 2011                    ECOFF, BLUT & SALOMONS, LLP


By: _____
LAWRENCE C. ECOFF, ESQ.
PHILIP H.R. NEVINNY, ESQ.

Attorneys for Plaintiff
INTER-AVID PRODUCTIONS

18

1

## DEMAND FOR JURY TRIAL

2          Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United

3  States District Court, Central District of California, Plaintiff hereby demands a trial by

4  jury.

5

6  Dated: June 17, 2011                        ECOFF, BLUT & SALOMONS, LLP

7

8                                              By:  _____

9                                                   LAWRENCE C. ECOFF, ESQ.
                                                    PHILIP H.R. NEVINNY, ESQ.
10
                                                    Attorneys for Plaintiff
11                                                  INTER-AVID PRODUCTIONS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

# Exhibit
# A

## Exhibit A - List of Infringing Works

| | Copyright Owner | Copyright Registration Number |
|---|---|---|
| 1 | Inter-Avid Productions | PA 1-725-229 |
| 2 | Inter-Avid Productions | PA 1-725-149 |
| 3 | Inter-Avid Productions | PA 1-725-221 |
| 4 | Inter-Avid Productions | PA 1-725-155 |
| 5 | Inter-Avid Productions | PA 1-725-141 |
| 6 | Inter-Avid Productions | PA 1-725-159 |
| 7 | Inter-Avid Productions | PA 1-725-219 |
| 8 | Inter-Avid Productions | PA 1-725-147 |
| 9 | Inter-Avid Productions | PA 1-725-162 |
| 10 | Inter-Avid Productions | PA 1-725-227 |
| 11 | Inter-Avid Productions | PA 1-725-152 |
| 12 | Inter-Avid Productions | PA 1-725-228 |
| 13 | Inter-Avid Productions | PA 1-725-223 |
| 14 | Inter-Avid Productions | PA 1-725-143 |
| 15 | Inter-Avid Productions | PA 1-725-144 |
| 16 | Inter-Avid Productions | PA 1-725-225 |
| 17 | Inter-Avid Productions | PA 1-725-166 |
| 18 | Inter-Avid Productions | PA 1-725-142 |
| 19 | Inter-Avid Productions | PA 1-725-165 |
| 20 | Inter-Avid Productions | PA 1-725-224 |
| 21 | Inter-Avid Productions | PA 1-725-118 |
| 22 | Inter-Avid Productions | PA 1-725-116 |
| 23 | Inter-Avid Productions | PA 1-725-114 |
| 24 | Inter-Avid Productions | PA 1-725-112 |
| 25 | Inter-Avid Productions | PA 1-725-107 |
| 26 | Inter-Avid Productions | PA 1-725-106 |
| 27 | Inter-Avid Productions | PA 1-725-105 |
| 28 | Inter-Avid Productions | PA 1-725-104 |
| 29 | Inter-Avid Productions | PA 1-725-103 |
| 30 | Inter-Avid Productions | PA 1-725-102 |
| 31 | Inter-Avid Productions | PA 1-725-035 |
| 32 | Inter-Avid Productions | PA 1-725-034 |
| 33 | Inter-Avid Productions | PA 1-725-028 |
| 34 | Inter-Avid Productions | PA 1-725-020 |
| 35 | Inter-Avid Productions | PA 1-725-025 |
| 36 | Inter-Avid Productions | PA 1-725-019 |
| 37 | Inter-Avid Productions | PA 1-725-018 |
| 38 | Inter-Avid Productions | PA 1-725-017 |
| 39 | Inter-Avid Productions | PA 1-725-015 |
| 40 | Inter-Avid Productions | PA 1-725-293 |
| 41 | Inter-Avid Productions | PA 1-725-291 |
| 42 | Inter-Avid Productions | PA 1-725-290 |
| 43 | Inter-Avid Productions | PA 1-725-289 |
| 44 | Inter-Avid Productions | PA 1-725-285 |
| 45 | Inter-Avid Productions | PA 1-725-284 |
| 46 | Inter-Avid Productions | PA 1-725-283 |

## Exhibit A - List of Infringing Works

| | | |
|---|---|---|
| 47 | Inter-Avid Productions | PA 1-725-280 |
| 48 | Inter-Avid Productions | PA 1-725-276 |
| 49 | Inter-Avid Productions | PA 1-725-275 |
| 50 | Inter-Avid Productions | PA 1-725-272 |
| 51 | Inter-Avid Productions | PA 1-725-270 |
| 52 | Inter-Avid Productions | PA 1-725-269 |
| 53 | Inter-Avid Productions | PA 1-725-267 |
| 54 | Inter-Avid Productions | PA 1-725-266 |
| 55 | Inter-Avid Productions | PA 1-725-263 |
| 56 | Inter-Avid Productions | PA 1-725-262 |
| 57 | Inter-Avid Productions | PA 1-725-259 |
| 58 | Inter-Avid Productions | PA 1-725-256 |
| 59 | Inter-Avid Productions | PA 1-725-254 |
| 60 | Inter-Avid Productions | PA 1-724-976 |
| 61 | Inter-Avid Productions | PA 1-724-977 |
| 62 | Inter-Avid Productions | PA 1-724-978 |
| 63 | Inter-Avid Productions | PA 1-724-979 |
| 64 | Inter-Avid Productions | PA 1-724-980 |
| 65 | Inter-Avid Productions | PA 1-724-981 |
| 66 | Inter-Avid Productions | PA 1-724-983 |
| 67 | Inter-Avid Productions | PA 1-724-984 |
| 68 | Inter-Avid Productions | PA 1-724-985 |
| 69 | Inter-Avid Productions | PA 1-724-987 |
| 70 | Inter-Avid Productions | PA 1-724-992 |
| 71 | Inter-Avid Productions | PA 1-724-993 |
| 72 | Inter-Avid Productions | PA 1-724-994 |
| 73 | Inter-Avid Productions | PA 1-724-995 |
| 74 | Inter-Avid Productions | PA 1-724-996 |
| 75 | Inter-Avid Productions | PA 1-724-997 |
| 76 | Inter-Avid Productions | PA 1-724-998 |
| 77 | Inter-Avid Productions | PA 1-724-999 |
| 78 | Inter-Avid Productions | PA 1-725-000 |
| 79 | Inter-Avid Productions | PA 1-725-001 |
| 80 | Inter-Avid Productions | PA 1-725-003 |
| 81 | Inter-Avid Productions | PA 1-725-503 |
| 82 | Inter-Avid Productions | PA 1-725-506 |
| 83 | Inter-Avid Productions | PA 1-725-507 |
| 84 | Inter-Avid Productions | PA 1-725-509 |
| 85 | Inter-Avid Productions | PA 1-725-511 |
| 86 | Inter-Avid Productions | PA 1-725-512 |
| 87 | Inter-Avid Productions | PA 1-725-513 |
| 88 | Inter-Avid Productions | PA 1-725-514 |
| 89 | Inter-Avid Productions | PA 1-725-516 |
| 90 | Inter-Avid Productions | PA 1-725-517 |
| 91 | Inter-Avid Productions | PA 1-725-519 |
| 92 | Inter-Avid Productions | PA 1-725-520 |
| 93 | Inter-Avid Productions | PA 1-725-521 |

## Exhibit A - List of Infringing Works

| | | |
|---|---|---|
| 94 | Inter-Avid Productions | PA 1-725-522 |
| 95 | Inter-Avid Productions | PA 1-725-525 |
| 96 | Inter-Avid Productions | PA 1-725-526 |
| 97 | Inter-Avid Productions | PA 1-725-527 |
| 98 | Inter-Avid Productions | PA 1-725-528 |
| 99 | Inter-Avid Productions | PA 1-725-529 |
| 100 | Inter-Avid Productions | PA 1-725-496 |
| 101 | Inter-Avid Productions | PA 1-725-494 |
| 102 | Inter-Avid Productions | PA 1-725-493 |
| 103 | Inter-Avid Productions | PA 1-725-441 |
| 104 | Inter-Avid Productions | PA 1-725-440 |
| 105 | Inter-Avid Productions | PA 1-725-438 |
| 106 | Inter-Avid Productions | PA 1-725-436 |
| 107 | Inter-Avid Productions | PA 1-725-434 |
| 108 | Inter-Avid Productions | PA 1-725-431 |
| 109 | Inter-Avid Productions | PA 1-725-429 |
| 110 | Inter-Avid Productions | PA 1-725-426 |
| 111 | Inter-Avid Productions | PA 1-725-424 |
| 112 | Inter-Avid Productions | PA 1-725-422 |
| 113 | Inter-Avid Productions | PA 1-725-421 |
| 114 | Inter-Avid Productions | PA 1-725-419 |
| 115 | Inter-Avid Productions | PA 1-725-414 |
| 116 | Inter-Avid Productions | PA 1-725-411 |
| 117 | Inter-Avid Productions | PA 1-725-410 |
| 118 | Inter-Avid Productions | PA 1-725-408 |
| 119 | Inter-Avid Productions | PA 1-725-407 |
| 120 | Inter-Avid Productions | PA 1-725-406 |
| 121 | Inter-Avid Productions | PA 1-725-404 |
| 122 | Inter-Avid Productions | PA 1-725-373 |
| 123 | Inter-Avid Productions | PA 1-725-402 |
| 124 | Inter-Avid Productions | PA 1-725-398 |
| 125 | Inter-Avid Productions | PA 1-725-371 |
| 126 | Inter-Avid Productions | PA 1-725-363 |
| 127 | Inter-Avid Productions | PA 1-725-395 |
| 128 | Inter-Avid Productions | PA 1-725-369 |
| 129 | Inter-Avid Productions | PA 1-725-366 |
| 130 | Inter-Avid Productions | PA 1-725-360 |
| 131 | Inter-Avid Productions | PA 1-725-367 |
| 132 | Inter-Avid Productions | PA 1-725-400 |
| 133 | Inter-Avid Productions | PA 1-725-397 |
| 134 | Inter-Avid Productions | PA 1-725-375 |
| 135 | Inter-Avid Productions | PA 1-725-365 |
| 136 | Inter-Avid Productions | PA 1-725-361 |
| 137 | Inter-Avid Productions | PA 1-725-399 |
| 138 | Inter-Avid Productions | PA 1-725-359 |
| 139 | Inter-Avid Productions | PA 1-725-368 |
| 140 | Inter-Avid Productions | PA 1-725-401 |

## Exhibit A - List of Infringing Works

| | | |
|---|---|---|
| 141 | Inter-Avid Productions | PA 1-725-396 |
| 142 | Inter-Avid Productions | PA 1-724-862 |
| 143 | Inter-Avid Productions | PA 1-724-864 |
| 144 | Inter-Avid Productions | PA 1-724-866 |
| 145 | Inter-Avid Productions | PA 1-724-868 |
| 146 | Inter-Avid Productions | PA 1-724-872 |
| 147 | Inter-Avid Productions | PA 1-724-873 |
| 148 | Inter-Avid Productions | PA 1-724-875 |
| 149 | Inter-Avid Productions | PA 1-724-877 |
| 150 | Inter-Avid Productions | PA 1-724-879 |
| 151 | Inter-Avid Productions | PA 1-724-880 |
| 152 | Inter-Avid Productions | PA 1-724-881 |
| 153 | Inter-Avid Productions | PA 1-724-882 |
| 154 | Inter-Avid Productions | PA 1-724-883 |
| 155 | Inter-Avid Productions | PA 1-724-884 |
| 156 | Inter-Avid Productions | PA 1-724-885 |
| 157 | Inter-Avid Productions | PA 1-724-887 |
| 158 | Inter-Avid Productions | PA 1-724-889 |
| 159 | Inter-Avid Productions | PA 1-724-891 |
| 160 | Inter-Avid Productions | PA 1-724-894 |
| 161 | Inter-Avid Productions | PA 1-724-904 |
| 162 | Inter-Avid Productions | PA 1-725-988 |
| 163 | Inter-Avid Productions | PA 1-725-990 |
| 164 | Inter-Avid Productions | PA 1-726-013 |
| 165 | Inter-Avid Productions | PA 1-725-987 |
| 166 | Inter-Avid Productions | PA 1-726-077 |
| 167 | Inter-Avid Productions | PA 1-725-995 |
| 168 | Inter-Avid Productions | PA 1-726-012 |
| 169 | Inter-Avid Productions | PA 1-726-081 |
| 170 | Inter-Avid Productions | PA 1-726-004 |
| 171 | Inter-Avid Productions | PA 1-726-060 |
| 172 | Inter-Avid Productions | PA 1-726-079 |
| 173 | Inter-Avid Productions | PA 1-726-009 |
| 174 | Inter-Avid Productions | PA 1-726-006 |
| 175 | Inter-Avid Productions | PA 1-726-084 |
| 176 | Inter-Avid Productions | PA 1-726-011 |
| 177 | Inter-Avid Productions | PA 1-725-986 |
| 178 | Inter-Avid Productions | PA 1-726-005 |
| 179 | Inter-Avid Productions | PA 1-726-083 |
| 180 | Inter-Avid Productions | PA 1-725-076 |
| 181 | Inter-Avid Productions | PA 1-726-082 |
| 182 | Inter-Avid Productions | PA 1-726-007 |
| 183 | Inter-Avid Productions | PA 1-725-992 |
| 184 | Inter-Avid Productions | PA 1-726-026 |
| 185 | Inter-Avid Productions | PA 1-726-030 |
| 186 | Inter-Avid Productions | PA 1-726-032 |
| 187 | Inter-Avid Productions | PA 1-726-045 |

## Exhibit A - List of Infringing Works

| | | |
|---|---|---|
| 188 | Inter-Avid Productions | PA 1-726-046 |
| 189 | Inter-Avid Productions | PA 1-726-047 |
| 190 | Inter-Avid Productions | PA 1-726-049 |
| 191 | Inter-Avid Productions | PA 1-726-050 |
| 192 | Inter-Avid Productions | PA 1-726-051 |
| 193 | Inter-Avid Productions | PA 1-726-052 |
| 194 | Inter-Avid Productions | PA 1-726-054 |
| 195 | Inter-Avid Productions | PA 1-726-056 |
| 196 | Inter-Avid Productions | PA 1-726-057 |
| 197 | Inter-Avid Productions | PA 1-726-058 |
| 198 | Inter-Avid Productions | PA 1-725-989 |
| 199 | Inter-Avid Productions | PA 1-726-064 |
| 200 | Inter-Avid Productions | PA 1-726-066 |
| 201 | Inter-Avid Productions | PA 1-726-069 |
| 202 | Inter-Avid Productions | PA 1-726-071 |
| 203 | Inter-Avid Productions | PA 1-726-072 |
| 204 | Inter-Avid Productions | PA 1-726-074 |
| 205 | Inter-Avid Productions | PA 1-726-022 |
| 206 | Inter-Avid Productions | PA 1-726-024 |
| 207 | Inter-Avid Productions | PA 1-726-065 |
| 208 | Inter-Avid Productions | PA 1-726-015 |
| 209 | Inter-Avid Productions | PA 1-726-020 |
| 210 | Inter-Avid Productions | PA 1-726-016 |
| 211 | Inter-Avid Productions | PA 1-726-018 |
| 212 | Inter-Avid Productions | PA 1-727-316 |
| 213 | Inter-Avid Productions | PA 1-725-523 |
| 214 | Inter-Avid Productions | PA-1-724-698 |
| 215 | Inter-Avid Productions | PA-1-724-699 |
| 216 | Inter-Avid Productions | PA-1-724-702 |
| 217 | Inter-Avid Productions | PA-1-724-703 |
| 218 | Inter-Avid Productions | PA-1-724-705 |
| 219 | Inter-Avid Productions | PA-1-724-706 |
| 220 | Inter-Avid Productions | PA-1-724-708 |
| 221 | Inter-Avid Productions | PA-1-724-709 |
| 222 | Inter-Avid Productions | PA-1-724-711 |
| 223 | Inter-Avid Productions | PA-1-724-712 |
| 224 | Inter-Avid Productions | PA-1-724-713 |
| 225 | Inter-Avid Productions | PA-1-724-732 |
| 226 | Inter-Avid Productions | PA-1-724-733 |
| 227 | Inter-Avid Productions | PA-1-724-734 |
| 228 | Inter-Avid Productions | PA-1-724-735 |
| 229 | Inter-Avid Productions | PA-1-724-736 |
| 230 | Inter-Avid Productions | PA-1-724-737 |
| 231 | Inter-Avid Productions | PA-1-724-738 |
| 232 | Inter-Avid Productions | PA-1-724-739 |
| 233 | Inter-Avid Productions | PA-1-724-740 |

# Exhibit
# B

## Exhibit B- Copyright Numbers Pending

| | Copyright Owner | Copyright Case/SR # |
|---|---|---|
| 1 | Inter-Avid Productions | 1-559659398 |
| 2 | Inter-Avid Productions | 1-559659452 |
| 3 | Inter-Avid Productions | 1-559659475 |
| 4 | Inter-Avid Productions | 1-559659507 |
| 5 | Inter-Avid Productions | 1-559659529 |
| 6 | Inter-Avid Productions | 1-559659551 |
| 7 | Inter-Avid Productions | 1-559659573 |
| 8 | Inter-Avid Productions | 1-559717605 |
| 9 | Inter-Avid Productions | 1-559717627 |
| 10 | Inter-Avid Productions | 1-559717649 |
| 11 | Inter-Avid Productions | 1-559717671 |
| 12 | Inter-Avid Productions | 1-559717693 |
| 13 | Inter-Avid Productions | 1-559717715 |
| 14 | Inter-Avid Productions | 1-559717737 |
| 15 | Inter-Avid Productions | 1-559717759 |
| 16 | Inter-Avid Productions | 1-559717781 |
| 17 | Inter-Avid Productions | 1-559717803 |
| 18 | Inter-Avid Productions | 1-559717825 |
| 19 | Inter-Avid Productions | 1-559717847 |
| 20 | Inter-Avid Productions | 1-559717869 |
| 21 | Inter-Avid Productions | 1-559717891 |
| 22 | Inter-Avid Productions | 1-559717913 |
| 23 | Inter-Avid Productions | 1-559717935 |
| 24 | Inter-Avid Productions | 1-559717957 |
| 25 | Inter-Avid Productions | 1-559717979 |
| 26 | Inter-Avid Productions | 1-559718001 |
| 27 | Inter-Avid Productions | 1-559718023 |
| 28 | Inter-Avid Productions | 1-559718045 |
| 29 | Inter-Avid Productions | 1-559718077 |
| 30 | Inter-Avid Productions | 1-559718109 |
| 31 | Inter-Avid Productions | 1-559718131 |
| 32 | Inter-Avid Productions | 1-559718153 |
| 33 | Inter-Avid Productions | 1-559718175 |
| 34 | Inter-Avid Productions | 1-559718197 |
| 35 | Inter-Avid Productions | 1-559718219 |
| 36 | Inter-Avid Productions | 1-559718251 |
| 37 | Inter-Avid Productions | 1-559718273 |
| 38 | Inter-Avid Productions | 1-559718295 |
| 39 | Inter-Avid Productions | 1-559718317 |
| 40 | Inter-Avid Productions | 1-559718339 |
| 41 | Inter-Avid Productions | 1-5597198361 |
| 42 | Inter-Avid Productions | 1-559718383 |
| 43 | Inter-Avid Productions | 1-559742755 |
| 44 | Inter-Avid Productions | 1-559742837 |
| 45 | Inter-Avid Productions | 1-559742879 |
| 46 | Inter-Avid Productions | 1-559742911 |

## Exhibit B- Copyright Numbers Pending

| 47 | Inter-Avid Productions | 1-559742933 |
|----|------------------------|-------------|
| 48 | Inter-Avid Productions | 1-559742955 |
| 49 | Inter-Avid Productions | 1-559742977 |
| 50 | Inter-Avid Productions | 1-558564595 |
| 51 | Inter-Avid Productions | 1-558564463 |
| 52 | Inter-Avid Productions | 1-558601749 |
| 53 | Inter-Avid Productions | 1-558564441 |
| 54 | Inter-Avid Productions | 1-558601683 |
| 55 | Inter-Avid Productions | 1-558601771 |
| 56 | Inter-Avid Productions | 1-558564507 |
| 57 | Inter-Avid Productions | 1-558564529 |
| 58 | Inter-Avid Productions | 1-558564353 |
| 59 | Inter-Avid Productions | 1-558564551 |
| 60 | Inter-Avid Productions | 1-558601617 |
| 61 | Inter-Avid Productions | 1-558564485 |
| 62 | Inter-Avid Productions | 1-558564419 |
| 63 | Inter-Avid Productions | 1-558601661 |
| 64 | Inter-Avid Productions | 1-558601639 |
| 65 | Inter-Avid Productions | 1-558564397 |
| 66 | Inter-Avid Productions | 1-558564573 |
| 67 | Inter-Avid Productions | 1-558601727 |
| 68 | Inter-Avid Productions | 1-558601705 |
| 69 | Inter-Avid Productions | 1-558564331 |
| 70 | Inter-Avid Productions | 1-558563947 |
| 71 | Inter-Avid Productions | 1-558564287 |
| 72 | Inter-Avid Productions | 1-558564111 |
| 73 | Inter-Avid Productions | 1-558564155 |
| 74 | Inter-Avid Productions | 1-558564045 |
| 75 | Inter-Avid Productions | 1-558564023 |
| 76 | Inter-Avid Productions | 1-558564243 |
| 77 | Inter-Avid Productions | 1-558564265 |
| 78 | Inter-Avid Productions | 1-558564067 |
| 79 | Inter-Avid Productions | 1-558564001 |
| 80 | Inter-Avid Productions | 1-558563860 |
| 81 | Inter-Avid Productions | 1-558564177 |
| 82 | Inter-Avid Productions | 1-558564133 |
| 83 | Inter-Avid Productions | 1-558564089 |
| 84 | Inter-Avid Productions | 1-558564199 |
| 85 | Inter-Avid Productions | 1-558563969 |
| 86 | Inter-Avid Productions | 1-558564309 |
| 87 | Inter-Avid Productions | 1-558564221 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV11- 5119 GHK (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

ORIGINAL

Lawrence C. Ecoff, Esq. (SBN143814)
Philip H.R. Nevinny, Esq. (SBN150506)
ECOFF, BLUT & SALOMONS, LLP
280 South Beverly Drive, Suite 504
Beverly Hills, CA 90212
T:(310)887-1850  F:(310)887-1855

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Inter-Avid Production, a California Corporation

PLAINTIFF(S)

v.

Ventura Content, AVV, an Aruban Corporation, and
dba as Pink Visual;Cyberheat, Inc., an Arizona
Corporation, and dba as Pink Visual;Does 1 through 20

DEFENDANT(S).

CASE NUMBER

CV11 05119 GHK VBKx

**SUMMONS**

TO:   DEFENDANT(S): Ventura Content, AVV, an Aruban Corporation, and dba Pink Visual;
Cyberheat, Inc., an Arizona Corporation, and dba Pink Visual; and DOES 1 through 20, Inclusive

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Philip H.R. Nevinny, Esq._____, whose address is 280 South Beverly Drive, Suite 504, Beverly Hills, CA 90212_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

JUN 17 2011

Dated: _____

By: ___**CHRISTOPHER POWERS**___

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                   SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> Inter-Avid Productions, a California Corporation, | DEFENDANTS <br> Ventura Content AVV, an Aruban Corporation, and dba Pink Visual; Cyberheat, Inc., an Arizona Corporation and dba Pink Visual; and DOES 1 through 20, Inclusive, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> Lawrence C. Ecoff, Esq., Philip H.R. Nevinny, Esq. <br> Ecoff, Blut & Salomons, LLP <br> 280 S. Beverly Dr., Suite 504, Beverly Hills, CA 90212 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Infringement 17 U.S.C. 501 ET SEQ.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____ **CV11 05119**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Arizona, Aruba |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date June 17, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 2 of 2