1  Lawrence C. Ecoff, Esq. (SBN 143814)
   Philip H.R. Nevinny, Esq. (SBN 150506)
2  ECOFF BLUT, LLP
   280 South Beverly Drive, Suite 504
3  Beverly Hills, CA 90212
   Telephone: (310) 887-1850
4  Facsimile: (310) 887-1855
   ecoff@ecofflaw.com
5
   Attorneys for Plaintiff and Counter-
6  Defendants INTER-AVID PRODUCTIONS
   and ANDREW STODDARD
7
   Andrew J. Thomas (SBN 159533)
8  ajthomas@jenner.com
   L. David Russell (SBN 260043 )
9  drussell@jenner.com
   JENNER & BLOCK LLP
10 633 West 5th Street, Suite 3500
   Los Angeles, CA 90071
11 Telephone: (213) 239-5100
   Facsimile: (213)239-5199
12
   Attorneys for Defendants and Counter-Claimants
13 VENTURA CONTENT, LTD. (incorrectly named as
   Ventura Content, AVV), and CYBERHEAT, INC.
14
                    UNITED STATES DISTRICT COURT
15
                   CENTRAL DISTRICT OF CALIFORNIA
16

| | |
|---|---|
| 17  INTER-AVID PRODUCTIONS, a California Corporation,<br>18              Plaintiff,<br>    v.<br>19  VENTURA CONTENT, AVV, an Aruban<br>20  Corporation, and doing business as Pink<br>    Visual; CYBERHEAT, INC., an Arizona<br>21  Corporation, and doing business as Pink<br>    Visual; and DOES 1 through 20, inclusive,<br>22              Defendants. | Case No. 11-CV-05119 GHK (VBK)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Honorable Victor B. Kenton |
| 23  VENTURA CONTENT, LTD., an Anguilla<br>24  Company; and CYBERHEAT, INC., an<br>    Arizona Corporation,<br>25              Counter-Claimants,<br>26   v.<br>    INTER-AVID PRODUCTIONS, a<br>27  California Corporation; and ANDREW<br>    STODDARD, an individual,<br>28              Counter-Defendants. | |

1    Plaintiff and counter-defendant Inter-Avid Productions ("Inter-Avid'), counter-

2    defendant Andrew Stoddard ("Stoddard"), defendant and counter-claimant Ventura

3    Content, Ltd. ("Ventura"), and defendant and counter-claimant Cyberheat, Inc.

4    ("Cyberheat"), recognizing that each may have confidential business, financial, and/or

5    trade secret information relevant to the subject matter of this lawsuit that would be subject to

6    discovery, have agreed to this Protective Order on the terms set forth below.  It appearing to

7    the Court that the parties have agreed to the terms of an appropriate Protective Order to govern

8    discovery proceedings in this action, and for good cause shown,

9    　　　IT IS HEREBY ORDERED THAT:

10    　　　1.    This Order shall apply to all information produced during discovery in this

11    action that shall be designated by the party or person producing it as "Confidential" or

12    "Confidential-Attorneys Eyes Only" (collectively "Confidential Information").  This Order

13    shall not apply to information that, before disclosure, is properly in the possession or

14    knowledge of the party to whom such disclosure is made, or is public knowledge.  The

15    restrictions contained in this Order shall not apply to information that is, or after disclosure

16    becomes, public knowledge other than by an act or omission of the party to whom such

17    disclosure is made, or that is legitimately acquired from a source not subject to this Order.

18    　　　2.    If an exhibit, pleading, interrogatory answer, or admission (collectively

19    "discovery response"), document or thing (collectively "document"), or a deposition transcript,

20    other transcript of testimony, or declaration or affidavit (collectively "testimony") contains

21    information considered confidential by a party, such exhibit, pleading, discovery response,

22    document, or testimony shall be designated "Confidential" or "Confidential-Attorneys Eyes

23    Only" by the party contending there is confidential information therein, by affixing a legend

24    to each of the relevant pages or as otherwise set forth below.

25    　　　3.    In connection with an exhibit, pleading, discovery response, document,

26    testimony or other court submission, the legend "Confidential" or "Confidential-Attorneys

27    Eyes Only" (in such a manner as will not interfere with the legibility thereof) shall be affixed

28    before the production or service upon a party.

[Proposed] Stipulated Protective Order

1       4.      As a general guideline, a document should be designated "Confidential"

2   when it contains confidential business, technical or other information that may be reviewed

3   by the receiving party, the parties' experts, and other representatives, but must be protected

4   against disclosure to third parties.  A document may be designated "Confidential-Attorneys

5   Eyes Only" only when it contains highly sensitive information, such as financial information;

6   cost information; pricing information; sales information; customer, license, supplier, and

7   vendor information; technical and development information about a party's products;

8   comparative product test results; business plans; marketing strategies; new product plans and

9   competitive strategies; or trade secrets, as that term is defined under applicable law.

10      5.      All Confidential Information (*i.e.,* "Confidential" or "Confidential-Attorneys

11  Eyes Only" information) that has been obtained from a party during the course of this

12  proceeding shall be used only for the purpose of this litigation and not for any other

13  business, proceeding, litigation, or other purpose whatsoever.  Further, such information

14  may not be disclosed to anyone except as provided in this Order.

15      6.      All documents, or any portion thereof, produced for inspection only (*i.e.,* copies

16  have not yet been provided to the receiving party) shall be deemed "Confidential-Attorneys

17  Eyes Only."  If a copy of any such document is requested after inspection, the document

18  shall be deemed "Confidential" or "Confidential-Attorneys Eyes Only" only if labeled or

19  marked in conformity with paragraph 2, with access and dissemination limited as set forth

20  in paragraphs 11-12 below.

21      7.      Information disclosed at a deposition or other testimony may be designated as

22  "Confidential" or "Confidential-Attorneys Eyes Only" at the time of the testimony or

23  deposition and shall be subject to the provisions of this Order.  Information disclosed

24  during a deposition or other testimony also may be designated as "Confidential" or

25  "Confidential-Attorneys Eyes Only" by notifying the other party, in writing, within ten (10)

26  court days after receipt of the transcript, of the specific pages of the transcript that should also

27  be so designated.  Unless otherwise agreed on the record of the deposition or other testimony,

28  all transcripts shall be treated as "Confidential" for a period of ten (10) court days after their

2

[Proposed] Stipulated Protective Order

1   receipt, and during that time period the transcript shall not be disclosed by a non-designating

2   party to persons other than those persons named or approved according to paragraph 11 to

3   review documents or materials designated "Confidential" on behalf of that non-designating

4   party.

5        8.     All exhibits, pleadings, discovery responses, documents, testimony or other

6   submissions filed with the Court pursuant to this action that have been designated

7   "Confidential" or "Confidential-Attorneys Eyes Only," by any party, or any pleading or

8   memorandum purporting to reproduce, paraphrase, or otherwise disclose such information

9   designated as Confidential Information, shall be marked with the legend "Confidential" or

10  "Confidential-Attorneys Eyes Only" and shall be filed pursuant to and in compliance with

11  Local Rule 79-5.1.  If a filing under seal is requested, a written application and proposed order

12  shall be presented along with the document for filing under seal.  The original and judge's

13  copy of the document shall be sealed in separate envelopes with a copy of the title page

14  attached to the front of each envelope.  The application shall request that the Court return the

15  underlying document and the sealed application without filing to the extent the Court denies

16  the application to file under seal.  The party seeking to seal documents must demonstrate for

17  each document or category of documents sufficient grounds to warrant placing the

18  documents under seal.

19       9.     As used in this Protective Order, "Litigation Counsel" refers to (i) the counsel of

20  record in this litigation and their associate attorneys, paralegals, assistants, and support

21  staff; (ii) in-house counsel responsible for the oversight of this litigation; and (iii) such

22  additional attorneys as may be ordered by the Court, or subsequently may be agreed upon by

23  the parties, such agreement not to be unreasonably withheld.

24       10.    As used in this Protective Order, "independent experts or consultants" refers

25  exclusively to a person, who has not been and is not an employee of a party or scheduled to

26  become an employee in the near future, and who is retained or employed as a consultant or

27  expert for purposes of this litigation, either full or part-time, by or at the direction of counsel

28  of a party.

3

[Proposed] Stipulated Protective Order

11.     Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Litigation Counsel for either party, and to the persons designated below:

(a)     a party, or an officer, director, or designated employee of a party deemed necessary by Litigation Counsel to aid in the prosecution, defense, or settlement of this action, provided that each such person shall execute a copy of the Certification attached to this Order before being shown or given any information;

(b)     independent experts or consultants (together with their clerical staff) retained by such Litigation Counsel to assist in the prosecution, defense, or settlement of this action, provided that each such person shall execute a copy of the Certification attached to this Order before being shown or given any Confidential Information;

(c)     court reporter(s), stenographers, and deposition videographers in this action;

(d)     agents of Litigation Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

(e)     witnesses in any deposition or other proceeding of this action, provided the witness shall sign a copy of the Certification prior to being shown another party's confidential document.  Information designated "Confidential" may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the information is represented or has been given notice that information produced by the party may be used.  At the request of any party, the portion of the deposition transcript involving such information shall be designated "Confidential" pursuant to paragraph 7 above. Witnesses shown information designated "Confidential" shall not be allowed to retain copies;

[Proposed] Stipulated Protective Order

1      (f)    any authors or known recipients of the information designated

2   "Confidential";

3      (g)    any other persons as to whom the parties in writing agree.

4      12.    Any persons receiving information designed "Confidential" shall not reveal or

5   discuss such information with any person who is not entitled to receive such information,

6   except as set forth in this Stipulated Protective Order.

7      13.    Material designated as "Confidential-Attorneys Eyes Only" that has been

8   obtained from Inter-Avid, Stoddard, Ventura and/or Cyberheat during the course of this

9   proceeding may be disclosed or made available only to the Court, to Litigation Counsel for

10   either party, and to the persons designated below:

11      (a)    independent experts or consultants (together with their clerical staff)

12   retained by such Litigation Counsel to assist in the prosecution, defense, or settlement of

13   this action, provided that each such person shall execute a copy of the Certification attached

14   to this Order before being shown or given any Confidential Information;

15      (b)    authors and recipients of any material bearing a "Confidential-

16   Attorneys Eyes Only" legend;

17      (c)    court reporter(s), stenographers, and deposition videographers in this action;

18      (d)    agents of Litigation Counsel needed to perform various services such as,

19   for example, copying, drafting of exhibits, and support and management services,

20   including vendors retained by the parties, or by counsel for parties, for the purpose of

21   encoding, loading into a computer and storing and maintaining for information control and

22   retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a

23   party, or attorneys' work product, all of which may contain material designated

24   "Confidential-Attorney Eyes Only";

25      (e)    witnesses in any deposition or other proceeding in this action who are the

26   author or recipient of the "Confidential-Attorney Eyes Only" material, or who, based on

27   evidence, have seen the material in the past, provided the witness shall sign a copy of the

28   Certification prior to being shown another party's confidential document.  Information

[Proposed] Stipulated Protective Order

1    designated "Confidential-Attorney Eyes Only" may be disclosed to a witness who will not

2    sign the Certification only in a deposition at which the party who designated the information

3    is represented or has been given notice that information produced by the party may be used.  At

4    the request of any party, the portion of the deposition transcript involving such information

5    shall be designated "Confidential-Attorney Eyes Only" pursuant to paragraph 7 above.

6    Witnesses shown information designated "Confidential-Attorney Eyes Only" shall not be

7    allowed to retain copies; and

8                    (f)      any other persons as to whom the parties in writing agree.

9            14.      Copies of all Certifications shall be retained by counsel for the party disclosing

10   the information designated "Confidential" or "Confidential-Attorneys Eyes Only" and shall be

11   made available for inspection upon request by opposing counsel during the pendency of the

12   action or within thirty days (30) following the conclusion of this litigation, except that

13   Certifications executed by consultants or expert witnesses who have not been

14   disclosed pursuant to Federal Rule of Civil Procedure 26 shall be made available only

15   upon good cause show and upon order of the Court.

16           15.      All Confidential Information used at a hearing or at trial shall become public

17   absent a separate order from the Court upon written motion and sufficient cause shown.  If any

18   party desires at a hearing or at trial to offer into evidence Confidential Information, or to use

19   Confidential Information in such a way as to reveal its nature or contents, such offers or use

20   shall be made only upon the taking of all steps reasonably available to preserve the

21   confidentiality of such Confidential Information.  The party seeking to use the Confidential

22   Information must provide the party that produced such Confidential Information sufficient time

23   to request an order from the Court to limit the offer of such Confidential Information.

24           16.      Any Confidential Information may be used in the course of any deposition taken

25   of the party producing such Confidential Information or its employees without consent, or

26   otherwise used in any deposition with the consent of the party producing such Confidential

27   Information, subject to the condition that when such Confidential Information is so used, the

28   party who made the designation may notify the reporter that the portion of the deposition in

6

[Proposed] Stipulated Protective Order

1  any way pertaining to such Confidential Information or any portion of the deposition relevant

2  thereto is being taken pursuant to this Order.  Further, whenever any Confidential

3  Information is to be discussed or disclosed in a deposition, any party claiming such

4  confidentiality may exclude from the room any person not entitled to receive such confidential

5  information pursuant to the terms of this Order.

6          17.    A receiving party who objects to the designation of any discovery response,

7  document, or testimony as "Confidential" or "Confidential-Attorneys Eyes Only" may at any

8  time give notice of its objection by letter to counsel for the producing party.  If the

9  objection cannot be resolved within five (5) days following receipt of the objection, the

10  receiving party may move the Court pursuant to Local Rule 37 for a determination whether

11  the discovery response, document, or testimony at issue qualifies for treatment as

12  "Confidential" or "Confidential-Attorneys Eyes Only."  If the receiving party files such a

13  motion, the discovery response, document, or testimony at issue will continue to be entitled

14  to the protections accorded by this Stipulated Protective Order until and unless the Court rules

15  otherwise.  If the receiving party files such a motion, the producing party shall bear the

16  burden of establishing that the discovery response, document, or testimony at issue

17  qualifies for treatment as "Confidential" or "Confidential-Attorneys Eyes Only."  Nothing

18  herein shall operate as an admission by any party that any particular discovery response,

19  document, thing, or testimony contains "Confidential" or "Confidential-Attorneys Eyes Only"

20  information for purposes of determining the merits of the claims in this litigation.  A party

21  shall not be obligated to challenge the propriety of the designation of any discovery

22  response, document, or testimony at the time such designation is made; failure to do so

23  shall not preclude a subsequent challenge within a reasonable time.  A party's failure to

24  challenge a designation during pretrial discovery shall not preclude a subsequent challenge of

25  such designation at trial or in connection with the submission of any discovery response

26  document, or testimony to the Court for any purpose.

27          18.    If a party through inadvertence or mistake produces any Confidential Information

28  in discovery without marking it with the legend "Confidential" or "Confidential-Attorneys

7

[Proposed] Stipulated Protective Order

Eyes Only," or by designating it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party that the exhibit, pleading, discovery response, document, or testimony contains Confidential Information and should be treated as such in accordance with the provisions of this Protective Order.  Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall return said unmarked or incorrectly marked materials and not retain copies thereof, and must treat such exhibits, pleadings, discovery responses, documents, or testimony as Confidential Information and shall cooperate in restoring the confidentiality of such Confidential Information.  The inadvertent or unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein.  The receiving party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential Information as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Protective Order.

19.    Documents produced or made available for inspection may be subject to redaction, in good faith by the producing party, of sensitive material that is subject to the attorney-client privilege or to work-product immunity.  Each such redaction, regardless of size, will be clearly labeled.  This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

20.    Neither the taking or the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any signatory's right to seek and obtain protection or relief, with respect to any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to

[Proposed] Stipulated Protective Order

particular protection or that such information embodies trade secret or other confidential

information of any party.  The procedures set forth herein shall not affect the rights of the

parties to object to discovery on grounds other than those related to trade secrets or other

confidential information claims, nor shall it relieve a party of the necessity of proper

responses to discovery requests.

21.    This Order shall not abrogate or diminish any contractual, statutory, or other

legal obligation or right of any party to this Order, as to any third party, with respect to any

Confidential Information.  The fact that Information is designated "Confidential" or

"Confidential-Attorney's Eyes Only" under this Order shall not be deemed to be

determinative of what a trier of fact may determine to be confidential or proprietary.  This

Order shall be without prejudice to the right of any party to bring before the Court the question

of:

(a)    whether any particular information is or is not Confidential Information;

(b)    whether any particular information is or is not entitled to a greater or

lesser degree of protection than provided hereunder; or

(c)    whether any particular information is or is not relevant to any issue in

this case, provided that in doing so the party complies with the foregoing procedures.

22.    The terms of the Protective Order are applicable to Confidential Information

produced by a non-party.  Such non-party may designate material produced by it in connection

with this litigation as Confidential Information, and such Confidential Information is

protected by the remedies and relief provided by the Protective Order.

23.    Within sixty (60) days following the conclusion of this litigation, including all

appeals, all information designated as Confidential Information, except such documents or

information which incorporate or are incorporated into attorney work product (a single copy of

which may be retained in counsel's file), shall, upon request, be returned to the producing

party, or disposed of pursuant to the instructions of the producing party, as long as such

instructions are reasonable.  If the producing party instructs the parties to dispose of

Confidential Information in an unreasonable or unfeasible manner, the other party

[Proposed] Stipulated Protective Order

1  shall dispose of it or safeguard it in a manner consistent with this Order.

2       24.    The restrictions provided for above shall not terminate upon the conclusion of

3  this lawsuit, but shall continue until further order of this Court.  This Stipulated Protective

4  Order is without prejudice to the right of a party hereto to seek relief from the Court, upon

5  good cause shown, from any of the provisions or restrictions provided herein.

6

7       IT IS SO ORDERED.

8

9  DATED:  November 30, 2011                    _____/s/_____

10                                              Honorable Victor B. Kenton
                                                United States Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Stipulated Protective Order

1   IT IS SO STIPULATED.

2                                       Respectfully submitted,

3   DATED:  November 28, 2011      JENNER & BLOCK LLP

4

5                                   By: /s/Andrew J. Thomas

6                                        Andrew J. Thomas

7                                   Attorneys for Defendants and Counter-Claimants

8                                   Ventura Content, Ltd. (incorrectly named as
                                    Ventura Content, AVV) and Cyberheat, Inc.
9

10

11  DATED:  November 28, 2011      ECOFF, BLUT & SALOMONS, LLP

12

13                                  By:/s/Philip H.R. Nevinny

                                       Philip H.R. Nevinny
14

15                                  Attorneys for Plaintiff and Counter-Defendant
                                    Inter-Avid Productions and Counter-Defendant
16                                  Andrew Stoddard

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Stipulated Protective Order

1

## CERTIFICATION

2      I hereby certify my understanding that Confidential Information is being provided to me

3  pursuant to the terms and restrictions of the Protective Order entered by the Court in *Inter-*

4  *Avid Productions v. Ventura Content, AVV, et al.,* Case No. 11-CV-05119 GHK (VBK)

5  (C.D. Cal.).  I have been given a copy of that Order and have read it.  I agree to be bound by

6  the Order and  will not reveal the Confidential Information to anyone, except as allowed by

7  the Order.  I will maintain all such Confidential Information – including copies, notes, or

8  other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it.

9  No later than thirty (30) days after the conclusion of this action, I will return the

10  Confidential Information – including copies, notes, or other transcriptions made from that

11  information – to the counsel who provided me with the Confidential Information.  I

12  hereby consent to the jurisdiction of the United States District Court of the Central District of

13  California for the purpose of enforcing the Protective Order.

14

15  Dated:  _____

16                                            By:   _____

17                                                     Signature

18

19                                                     _____

20                                                     Print Name

21

22

23

24

25

26

27

28

[Proposed] Stipulated Protective Order